Filed 9/25/13  P. v. Lomas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

TINA ANN LOMAS,

    Defendant and Appellant.

E055987

(Super.Ct.No. RIF1102422)

OPINION

APPEAL from the Superior Court of Riverside County. Patrick F. Magers, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Raquel M. Gonzalez and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Tina Ann Lomas guilty of first degree residential burglary. (Pen. Code, § 459.)[1] The trial court suspended imposition of sentence and placed defendant on probation for a period of three years on various terms and conditions. On appeal, defendant contends that (1) the trial court improperly imposed a booking fee in the amount of $414.45 under Government Code section 29550 because there was no evidence she had the ability to pay or evidence of the actual administrative costs of booking; and (2) there was no factual and rational basis to support the victim restitution order in the amount of $600.92. We reject these contentions and affirm the judgment.

I

FACTUAL BACKGROUND

Michael and Rachel Rivera live in Mira Loma next door to defendant's home.[2] The Riveras had known defendant for about eight years, and at one time defendant had worked as a caregiver for their children. Defendant stopped working for the Riveras sometime in 2005 due to a dispute over a debt. Rachel also believed that defendant had been dishonest.

On May 11, 2011, Rachel left her home shortly before 8:45 a.m. to drop off her children at school and locked the doors to her house. When she returned home at 10:30

---

[1] The jury found defendant not guilty on a second count of residential burglary.

[2] Michael and Rachel Rivera will hereafter be individually referred to by their first names, not out of any familiarity or disrespect, but to ease the burden on the reader. (See, e.g., *In re Marriage of Schaffer* (1999) 69 Cal.App.4th 801, 803, fn. 2.)

2

a.m., she was surprised to find defendant in her kitchen sitting at a computer desk. Defendant got up and attempted to run out of the house. Rachel confronted defendant and asked her why she was inside her home. Defendant replied, "'A cat.'" Rachel told her, "'I don't care if a cat was burning down my house, you do not belong in my house.'" Rachel also said, "'This is not the first time. You just finally got caught,'" and accused defendant of taking money and medication from the house. Neither one of Rachel's cats were inside the house when she found defendant in the kitchen. Rachel called 911, and defendant ran out of the house.

Rachel noticed that a kitchen cabinet where she keeps medicine was open; it had been closed when she left the house. Several of her husband's prescription medications were taken from their pill bottles, leaving the pill bottles empty. Rachel also noticed that a pill bottle containing amoxicillin, which had previously been in the cabinet, was sitting on the computer desk. She also observed that the computer had been recently turned on and that the screen on the backdoor had been cut. The sliding glass door that leads into the living room was also damaged; Rachel had noticed the damage to the sliding glass door in April 2011.

At around 10:45 a.m., Riverside County Deputy Sheriff John Bloomer responded to the 911 call. Michael informed the deputy that some of his medication was missing,

including pills of Lorazepam and Darvocet. Michael did not know how many pills had been taken but the bottles were now empty.[3]

Deputy Bloomer contacted defendant at her residence. In response to the deputy's question, defendant stated that she had been inside her neighbor's home earlier that morning to help a cat that she had heard crying. Defendant was subsequently arrested and taken to a police station. After waiving her constitutional rights, defendant admitted being inside the Rivera home to help a cat in need, and explained that she had reached her arm through an opening in the screen of the backdoor, unlocked the door, and went in to check on the cat. She denied taking any prescription pills, but stated that she may have taken some on a prior occasion.[4]

---

[3] Michael testified about two prior incidents where he believed defendant had entered his home without permission and taken Darvocet and Tricor prescription pills. Because defendant was acquitted on the second burglary count occurring on April 4, 2011, and the People dismissed the attempted burglary charge occurring on April 19, 2011, the specific facts regarding those incidents are not included.

[4] At trial, defendant admitted that she did not have permission to enter the home, and denied taking any prescription medications. She also denied telling the deputy that she had taken medications from the Rivera home on a prior occasion.

4

II

DISCUSSION

A.    *Booking Fee*

The trial court imposed a $414.45 booking fee pursuant to Government Code section 29550, without objection from defendant.[5]  Defendant now contends that the trial court erred in imposing this fee because it failed to make a finding as to defendant's ability to pay and did not determine the actual administrative costs involved.  The People respond that defendant has forfeited this claim by her failure to object to the imposition of the fee in the trial court.  The People further argue that the trial court made an implied finding that defendant had the ability to pay the fee.

Our Supreme Court recently adopted the People's position in *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*).  There, the defendant challenged the imposition of a booking fee without a finding of the ability to pay.  The court held that "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Id*. at p. 597.)  The court reasoned that its review of statutes in which the Legislature has required a court to

---

[5]  Government Code section 29550, subdivision (c), provides in relevant part: "Any county whose officer or agent arrests a person is entitled to recover from the arrested person a criminal justice administration [booking] fee for administrative costs it incurs in conjunction with the arrest if the person is convicted of any criminal offense related to the arrest, whether or not it is the offense for which the person was originally booked. . . ."  Subdivision (d)(2) of Government Code section 29550 provides that "[t]he court shall, as a condition of probation, order the convicted person, based on his or her ability to pay, to reimburse the county for the criminal justice administrative fee, . . ."

determine if a defendant is able to pay a fee indicated "that the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition. In this context, the rationale for forfeiture is particularly strong." (*Id.* at p. 599.) Thus, the court concluded: "Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee under Government Code section 29550.2. [Citation.]"[6] (*Ibid.*)

Because defendant did not challenge the $414.45 booking fee at sentencing by not objecting to it, we conclude she forfeited any challenge to it. (*McCullough*, *supra*, 56 Cal.4th at pp. 593, 597.)

Defendant acknowledges the holding in *McCullough*, and withdraws her ability-to-pay argument. She, however, maintains that the booking fee order must be stricken because "there was no evidence presented in the trial court that $414.45 represented the actual cost of booking." We reject this contention. We believe *McCullough's* holding and reasoning applies equally to this argument. As *McCullough* explained, "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is

---

[6] *McCullough* disapproved *People v. Pacheco* (2010) 187 Cal.App.4th 1392 to the extent it concluded otherwise, and affirmed the judgment. (*McCullough*, *supra*, 56 Cal.4th at pp. 599.)

imposed may not raise the challenge on appeal." (*McCullough*, *supra*, 56 Cal.4th at p. 597.)

Defendant also argues that the imposition of the booking fee violates constitutional rights to equal protection and due process of law by not requiring a court to find ability to pay. The forfeiture doctrine has been applied to unpreserved due process and equal protection claims. (See, e.g., *People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14; see also *McCullough*, *supra*, 56 Cal.4th at pp. 593, 597.) As our high court has observed on numerous occasions, "'''a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'''" [Citation.]" (*McCullough* at p. 593, citing and quoting *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.)

Therefore, we conclude defendant has forfeited any challenge to the booking fee by not objecting to it at the time of sentencing.

B.      *Victim Restitution*

Defendant further contends that there was no factual and rational basis to support the $600.92 victim restitution order.

Article I, section 28, subdivision (b)(13)(A), of the California Constitution provides, "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." Victim restitution is governed by section 1202.4, which provides in part, "[I]n

7

every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . .  The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record." (§ 1202.4, subd. (f).)

"When probation is granted to a defendant, sections 1203.1 and [former] 1203.04 govern restitution imposed as a condition of probation." (*People v. Foster* (1993) 14 Cal.App.4th 939, 949 [Fourth Dist., Div. Two], superseded by statute on other grounds as noted in *People v. Sexton* (1995) 33 Cal.App.4th 64, 70, *Sexton* overruled on another ground in *People v. Birkett* (1999) 21 Cal.4th 226, 247.)  In both sections 1203.1 and 1202.4, restitution serves the dual purpose of criminal rehabilitation and victim compensation.  (*People v. Anderson* (2010) 50 Cal.4th 19, 29.)  Accordingly, the statutory restitution provisions are to be construed broadly to achieve the goals of public safety, victim compensation and offender rehabilitation.  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1126; *People v. Mearns* (2002) 97 Cal.App.4th 493, 500-501.)

In determining the amount of victim restitution, the trial court need not award the exact amount of loss but "'must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' [Citations.]" (*People v. Mearns*, *supra*, 97 Cal.App.4th at pp. 498-499.)  We review restitution orders for abuse of discretion.  (*People v. Giordano* (2007) 42 Cal.4th 644, 663.)  "'"'When there is a factual and rational basis for the amount of restitution ordered

8

by the trial court, no abuse of discretion will be found by the reviewing court.'"

[Citations.]' [Citation.]" (*People v. Baker* (2005) 126 Cal.App.4th 463, 467 (*Baker*); see also *People v. Carbajal*, *supra*, 10 Cal.4th at p. 1126.)

We note that section 1202.4 "does not, by its terms, require any particular kind of proof." (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543.) Section 1202.4, subdivision (f), simply states that the restitution order is to be "based on the amount of loss claimed by the victim or victims or any other showing to the court." On appeal, "[w]e do not reweigh or reinterpret the evidence." (*Baker*, *supra*, 126 Cal.App.4th at p. 469.) Rather, we simply determine whether there was sufficient evidence to support the inference drawn by the trial court. (*Ibid.*)

A restitution hearing is usually held at the time of sentencing and the probation officer is required to provide the court with a recommendation whether the court "shall require" victim restitution as a condition of probation and the amount thereof. (§ 1203, subd. (b)(2)(D)(ii).) "[T]he standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt." (*Baker*, *supra*, 126 Cal.App.4th at p. 469.)

In this case, defendant neither contested the amount of restitution nor sought to have any hearing on the restitution issue. The probation department recommended that defendant be granted probation on various terms and conditions, including the condition that she pay $600.92 in restitution to the Riveras. At sentencing, the trial court accepted this recommendation and asked defendant if she accepted the provisions of probation, to

9

which she responded, "Yes," and whether she had any questions, to which she replied, "No." Defendant did not challenge the amount of the proposed restitution order.

Generally speaking, the forfeiture doctrine applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices." (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Sentencing errors that are not jurisdictional but instead concern sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner," are forfeited on appeal if not first raised in the trial court. (*Id*. at p. 354.) The unauthorized sentence exception is "a narrow exception" to the waiver doctrine that normally applies if the sentence "could not lawfully be imposed under any circumstance in the particular case," for example if the court "violates mandatory provisions governing the length of confinement." (*Id*. at p. 354, fn. omitted.) That is not the case here. Thus, the failure to object to the trial court's discretionary sentencing decisions forfeits the right to appeal such issues. (*Id*. at p. 356.)

Here, not only did defendant fail to object to the court's discretionary decision to order the payment of $600.92 in victim restitution, she affirmatively agreed to the amount of the restitution award as part of the court's grant of probation. We therefore conclude that defendant has forfeited or waived any claim related to the amount of the restitution award. (*People v. Foster*, *supra*, 14 Cal.App.4th at p. 946 [failure of a defendant to object to restitution amount found in probation report or request hearing waived issue for purposes of appeal]; *People v. Rivera* (1989) 212 Cal.App.3d 1153, 1160 [failure of a defendant to challenge the probation report or request a hearing results in waiver]; *People*

10

*v. Fulton* (2003) 109 Cal.App.4th 876, 886 [once the record establishes the amount of losses claimed by the victim, as in the probation report, the amount of restitution the victim is entitled to receive is established unless challenged by the defendant]; *People v. Gillard* (1997) 57 Cal.App.4th 136, 165, fn. 18 [where probation officer's report places defendant on notice of restitution being sought, but defendant raises no objection at trial, issue waived on appeal]; *People v. O'Neal* (2004) 122 Cal.App.4th 817, 820 [a defendant must first challenge a restitution order in the trial court, or the issue is not preserved for direct appeal]; *People v. Zito* (1992) 8 Cal.App.4th 736, 742 [same].)

Even if we were to conclude that this claim has not been forfeited or waived, we would hold that the trial court did not abuse its discretion in awarding victim restitution in the amount of $600.92. A trial court is entitled to consider the probation report and, as prima facie evidence of loss, may accept a property owner's statement made in the probation report about the value of stolen or damaged property. (*People v. Gemelli*, *supra*, 161 Cal.App.4th at pp. 1542-1543, citing *People v. Foster*, *supra*, 14 Cal.App.4th at p. 946.) "'This is so because a hearing to establish the amount of restitution does not require the formalities of other phases of a criminal prosecution. [Citation.] When the probation report includes information on the amount of the victim's loss and a recommendation as to the amount of restitution, the defendant must come forward with contrary information to challenge that amount.'" (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1048.)

"Once the victim has made a prima facie showing of his or her loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that

11

claimed by the victim." (*People v. Prosser* (2007) 157 Cal.App.4th 682, 691.)  There

must be a rational relationship between the restitution order and the victim's loss, but

"[t]here is no requirement the restitution order be limited to the exact amount of the loss

in which the defendant is actually found culpable, nor is there any requirement the order

reflect the amount of damages that might be recoverable in a civil action." (*People v.

Carbajal*, *supra*, 10 Cal.4th at p. 1121.)  Absent a challenge by the defendant, an award

of the amount specified in the probation report is not an abuse of discretion.  (*People v.

Pinedo* (1998) 60 Cal.App.4th 1403, 1406-1407.)

Here, at the sentencing hearing, defendant was placed on probation.  Defendant

agreed and was ordered to pay restitution to the victims in the amount of $600.92 as

recommended by the probation officer.  The probation report included a statement of loss

by Michael in a total amount of $314.50.  The probation report also included a receipt for

$135.22 for a drug called Tricor and a receipt for $35.69 for Lorazepam.  Michael also

informed the probation officer that it cost $89.00 to repair the torn screen door, and

included a picture of the screen door, but did not provide a receipt.  Rachel requested

reimbursement in the sum of $197.42 and provided receipts in the total amount of

$115.08 for Hydrocodone and Levaquin drugs.  The probation officer calculated the total

losses as $600.92.  Absent a challenge by the defendant, it is not an abuse of discretion to

order restitution in the amount specified in the probation report.  It logically follows then

that the trial court does not abuse its discretion when the court orders restitution in an

amount specified in the probation report.  We note that any lack of precision in

determining the amount of the Riveras' claim was due in part to the nature of defendant's

offense, which made it difficult to determine the exact amount that defendant stole from the Riveras.

In our view, the statement of losses and receipts provided by the victims was prima facie evidence of the value of the victims' loss for purposes of restitution. (*People v. Foster*, *supra*, 14 Cal.App.4th at p. 946.) Consequently, the burden shifted to defendant to "'come forward with contrary information to challenge that amount.'" (*People v. Keichler*, *supra*, 129 Cal.App.4th at p. 1048.) At sentencing, which was the time set for determining the amount of restitution, defendant did not present any evidence or argument challenging the proposed restitution award. We find the trial court's award of restitution was rational and within its broad discretion. We therefore conclude that the trial court did not abuse its discretion in awarding $600.92 as victim restitution.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:


McKINSTER_____
J.


RICHLI_____
J.

13